**GEORGE P. BANE, INC., Appellant,**

v.

**P. P. PRESCOTT & SONS, INC., et al.,**
Appellees.

No. 24339.

United States Court of Appeals
Fifth Circuit.

Dec. 4, 1967.

Rehearing Denied June 20, 1968.

J. W. Tyner, Jerry Bain, Tyler, Tex., for appellant.

Jack W. Flock, Tyler, Tex., Robert W. Dean, Navasota, Tex., for appellee, Dean & Dean, Navasota, Tex., Ramey, Brelsford, Flock & Devereux, Tyler, Tex., of counsel.

Before WISDOM and GOLDBERG, Circuit Judges, and NOEL, District Judge.

PER CURIAM:

George P. Bane, Inc. and P. P. Prescott & Sons, Inc., entered into a joint venture agreement for the purpose of bidding on and later performing a contract with the United States involving the clearing of land for the McGee Bend Dam and Reservoir Project in Texas. Under the relevant part of the contract Prescott was to clear a certain definite area of the Project, designated Zone II, by conventional methods, for which it would receive a lump sum of $1,199,949.75 based upon a rate of $80 per acre. Bane was to clear Zone I by tree crushing, for which it would receive $923,949.75 based upon a rate of $33 per acre.

Before completion of the project the parties discovered that the land cleared

and to be cleared did not conform to the map used in computation of the bid. The Government Contracting Officer investigated the discrepancy and issued a Change Order reducing Zone I by 1,071 acres and increasing Zone II by 522 acres; the balance of the acreage removed from Zone I apparently never existed. Both Bane and Prescott accepted the Change Order. The clearing has now been completed.

This litigation originated in a Miller Act suit by the United States, for the use of two subcontractees, against Prescott and Bane. This claim has been satisfied in accordance with the district court's judgment; no appeal was taken. However, the present dispute arises from a cross-claim, wherein Prescott contends that Bane was paid for clearing the 1,071 acres that had been removed from Zone I, and thus Prescott was refused additional compensation by the Government for clearing the 522 acres added to Zone II.

 The trial court assumed the existence of a joint venture agreement between Bane and Prescott and concluded that Bane was unjustly enriched at the expense of Prescott. We agree. We likewise find no merit in Bane's contention that the "hold harmless" clause in the contract affects Bane's liability to Prescott in this action. Thus, while we affirm the trial court's judgment that, under the above facts and conclusions, Bane is liable to Prescott, we must remand this case for more complete findings on the damage issue.

The trial court held that since Bane was paid $33 per acre for 1,071 acres that were subsequently removed from Zone I (i. e. $35,343), Bane was unjustly enriched to the extent of this amount. This likewise corresponds with the amount due Prescott: $80 per acre for the 522 acres added to Zone II, or $41,760, less $6,417 received by Prescott as additional compensation under the Change Order.[1]

Bane argues that under this holding Prescott will be compensated $80 per acre for every acre cleared by Prescott, whereas Bane will not have received under the contract $33 per acre for every acre cleared by Bane. Since Bane actually cleared 27,591 acres, so the argument goes, its total due under the contract, at $33 per acre, is $910,503. Bane received a total of $922,074.75 from the Government, however, and thus if it must pay Prescot $35,343 it will be netting less than $910,503, i.e. less than $33 per acre for land actually cleared. Unfortunately, we find no finding of fact by the trial court concerning just how many acres Bane actually cleared; Prescott takes issue with the figure of 27,591. It is for the trial court to determine whether this figure is correct. It may well be that when the total acreage cleared by each party is determined, both will not be able to realize the full per-acre contract price;[2] in that case, some equitable allocation of the loss between the joint venturers may be necessary. This is within the domain of the trial court.

As to the set-offs alleged by Bane on appeal, the trial court made no findings; as elements of the damage issue these too must be determined by the district court.

The case is remanded for a determination of damages consistent with this opinion; in other respects the judgment is affirmed.

1. To arrive at this amount the Government Contracting Officer calculated the increase in Zone II of 522 acres at $80 per acre, or $41,760, and the decrease in Zone I of 1,071 acres, or $35,343. The difference was $6,417, representing additional compensation which was later actually paid to Prescott.

2. This may be a by-product of the unaccounted-for 521 acres that were taken from Zone I, never to be seen again.